[No. 11631.    Department Two.—August 18, 1887.]

## SAN JOAQUIN VALLEY BANK, RESPONDENT, *v.* B. W. BOURS, APPELLANT.

PRACTICE — EVIDENCE — CROSS-EXAMINATION — IMMATERIAL ERROR. — The refusal to allow a defendant against whom judgment is rendered to cross-examine a witness for the plaintiff on a material matter is not a prejudicial error, if the matter is afterwards fully established by the testimony of the defendant.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The action was brought by a banking corporation against its cashier to recover the amount of a loss alleged to have been sustained by the bank by reason of certain loans negligently made by the cashier to one De Blainville. These loans were made by him without any security being taken therefor, and no entry or memorandum thereof was made in the books of the bank. Nor was any note or memorandum of any kind whatever made or kept by the defendant of the transactions with De Blainville, except memoranda upon slips of paper, called in the record "tags," and kept in the bank on a wire, which tags showed the amounts loaned to and paid by De Blainville, and the balance due by him from time to time. Prior to the commencement of the action, there remained and ever since has remained unpaid, of the moneys so loaned to De Blainville, the sum of $9,247.49. In his reports made to the board of directors of the plaintiff at their monthly meetings, the defendant falsely returned the amount of the De Blainville loans as so much cash on hand. On the trial, the court, upon the objection of the plaintiff, refused to allow a witness for the plaintiff, on his cross-examination, to answer the question stated in the opinion. Judgment was ren-

dered in favor of the plaintiff. The further facts are stated in the opinion.

*D. S. Terry*, and *J. H. Budd*, for Appellant.

*J. B. Hall*, and *W. L. Dudley*, for Respondent.

Foote, C.—A decision in this case was heretofore made by this court, and the opinion then filed is to be found in 65 Cal. 247.

A comparison of the record as it then stood, and of the one now under consideration, shows that there is no question now presented for determination which was not then brought to its attention, and passed upon by this court, except those which will hereafter be noticed.

It is evident, therefore, that the law of this case, save with reference to the new points now advanced, has been settled.

"Defendant was rightly held liable by the court below for the amount of the De Blainville indebtedness." (65 Cal. 247.)

The sole ground for the reversal and the awarding of a new trial, then, was that a part of the judgment against the defendant was for an alleged over-draft, for and on account of his salary as cashier, for which reason the judgment was held to be erroneous. This ground for a reversal does not now appear.

The errors of law claimed to have been made by the trial court, which were not alleged to have been committed when the case was here before, are:—

1. That an objection on the part of the plaintiff was sustained to this question: "And all the way through while that house was doing a banking business, there were cash tags, as you call them, from a few hundred dollars to eight or nine thousand dollars?" This question referred to a general custom or practice which had prevailed in the banking-house of Bours & Co., an institution other than the plaintiff. And the defendant

was allowed to testify fully as to the custom, so that no damage was done him in any event; in fact, the appellant's brief seems to assume that such a custom was fully proved both as to Bours & Co. and plaintiff.

2. It is further contended that one or more of the findings are unwarranted, either because of there being no evidence to support them, or because the count or counts of the complaint upon which such findings were made were abandoned by the plaintiff. All the findings are either sustained by sufficient evidence pertinent to such of the issues made by the pleadings as were not abandoned, or they were based upon a count the allegations of which were not denied by the answer.

There is no prejudicial error, and the judgment and order should be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court.— For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.